

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 15, 2010

Mary Jo White, Esq.
Christopher K. Tahbaz, Esq.
Andrew J. Ceresney, Esq.
Kristin D. Kiehn, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

*10-CR-10294-NG*

Re:   **Side Letter Agreement with Forest Laboratories, Inc.**

Dear Counsel:

This letter ("Side Letter Agreement") will confirm that, in exchange for full performance of the Plea Agreement entered into by and among the United States of America, acting through the United States Attorney for the District of Massachusetts ("U.S. Attorney") and the Department of Justice (collectively referred to as "the United States") and your client, Forest Pharmaceuticals, Inc. ("Forest Pharmaceuticals"), a copy of which plea agreement is attached hereto as Exhibit One, and in exchange for certain other promises made herein between and among the United States and your client, Forest Laboratories, Inc. (Forest Laboratories, Inc., its subsidiaries, and its affiliates collectively will be referred to as "Forest Laboratories"), the United States and Forest Laboratories hereby agree as follows:

1.   No Criminal Prosecution of Forest Laboratories

The United States hereby declines prosecution of Forest Laboratories or any of its subsidiaries (other than Forest Pharmaceuticals as set forth in the Information) for conduct by or attributable to Forest Laboratories or any of its subsidiaries that:

   (a)   falls within the scope of the Information to which Forest Pharmaceuticals is pleading guilty;

September 15, 2010
Page 2

    (b)    was a subject of the grand jury investigation in the District of Massachusetts relating to Levothroid (as manufactured prior to August 14, 2003), or relating to the sale, promotion, or marketing of Celexa and Lexapro in the United States; or

    (c)    was known to the United States Attorney's Office for District of Massachusetts or the Office of Consumer Litigation of the Department of Justice prior to the date of this agreement, and which concerned the sale, promotion, manufacture, or marketing of Levothroid (as manufactured prior to August 14, 2003) in the United States, or which concerned the sale, promotion, or marketing of Celexa or Lexapro in the United States through December 31, 2005.

The United States does not decline criminal prosecution of Forest Laboratories or any of Forest Laboratories' related entities for any other conduct beyond that set forth above.

This Side Letter Agreement is not intended to and does not affect the criminal liability of any individual.

It is understood among the parties to this Side Letter Agreement that the United States' promise not to prosecute Forest Laboratories is dependent upon and subject to Forest Pharmaceuticals fulfilling its material obligations in the Plea Agreement and Forest Laboratories fulfilling its material obligations herein and in the related Civil Settlement Agreement attached hereto as Exhibit Two. If Forest Pharmaceuticals does not fulfill its material obligations in the Plea Agreement and/or Forest Laboratories does not fulfill its material obligations herein and in the related Civil Settlement Agreement, Forest Laboratories agrees to waive any defenses regarding pre-indictment delay, statute of limitations, or Speedy Trial Act with respect to any and all criminal charges that could have been brought or pursued as of the date of this Side Letter Agreement, as set forth above, except that Forest retains any such defense that Forest Laboratories specifically reserved in the parties' tolling agreement dated July 20, 2010, attached hereto as Exhibit Three.

    2.    <u>Cooperation of Forest Laboratories</u>

Forest Laboratories shall cooperate completely and truthfully in any trial or other proceeding arising out of any ongoing civil, criminal or administrative investigation of its current and former officers, agents, and employees and customers in connection with matters described above in Paragraph One. Forest Laboratories shall make reasonable efforts to facilitate access to, and to encourage the cooperation of, its current and former officers, agents, and employees for interviews sought by law enforcement agents, upon request and reasonable notice in connection with the matters described in Paragraph One. Forest Laboratories shall also take reasonable measures to encourage its current and former officers, agents, and employees to testify truthfully

September 15, 2010
Page 3

and completely before any grand jury, and at any trial or other hearing, at which they are requested to do so by any government entity in connection with matters described in Paragraph One.

In addition, Forest Laboratories shall, in connection with matters described in Paragraph One, promptly furnish to law enforcement agents, upon request, all documents and records in its possession, custody or control relating to the conduct that are within the scope of any ongoing federal investigation, trial or other criminal proceeding, and that are not covered by the attorney-client privilege or work product doctrine.

Provided, however, notwithstanding any provision of this Side Letter Agreement, that: (1) Forest Laboratories is not required to request of its current or former officers, agents, or employees that they forego seeking the advice of an attorney or that they act contrary to that advice; (2) Forest Laboratories is not required to take any action against its officers, agents, or employees for following their attorney's advice; and (3) Forest Laboratories is not required to waive any privilege or claim of work product protection.

Forest Laboratories acknowledges that Forest Pharmaceuticals expressly and unequivocally admits that it committed the offenses charged in the Information, that, with respect to Count One, Forest Pharmaceuticals acted knowingly and corruptly, and that Forest Pharmaceuticals is in fact guilty of those offenses. Forest Laboratories agrees that it will not make any statements inconsistent with this explicit admission of guilt by Forest Pharmaceuticals to these offenses. This agreement concerning inconsistent statements is not intended to apply to any statement made by any individual in the course of any criminal, regulatory or civil matter against such individual, unless such individual is speaking on behalf of Forest Laboratories.

3.   Who Is Bound By Agreement

This Side Letter Agreement is binding upon the Attorney General of the United States, and the United States Department of Justice, including all United States Attorneys, except that this agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury. This Side Letter Agreement is binding on the Criminal Division of the United States Department of Justice, with the exception of any investigations of Forest Laboratories that are or may be conducted in the future by the Fraud Section of the Criminal Division regarding possible violations of the Foreign Corrupt Practices Act and related offenses in connection with the sales and marketing of Forest Laboratories' products to foreign customers. A copy of the letter to United States Attorney Carmen M. Ortiz from the Deputy Assistant Attorney General, Criminal Division, Department of Justice, authorizing this Side Letter Agreement is attached as Exhibit Four.

September 15, 2010
Page 4

It is expressly understood that this Side Letter Agreement will have no effect on state or local prosecuting authorities, except as set forth in the settlement agreements between Forest Laboratories and the various states.

4. Complete Agreement

This Side Letter Agreement, the Plea Agreement with Forest Pharmaceuticals, the Civil Settlement Agreement, the Corporate Integrity Agreement and the Tolling Agreement between Forest Laboratories and the U.S. Attorney dated July 20, 2010, are the complete and only agreements between the parties. No promises, agreements or conditions have been entered into other than those set forth or referred to in the above-identified documents. This agreement supersedes prior understandings, if any, of the parties, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement entered into between the United States and Forest Laboratories and its Board of Directors has authorized you to enter into this agreement, please sign below and return the original of this letter to Assistant U.S. Attorney James E. Arnold.

Very truly yours,

*JACK W. PIROZZOLO*
*First Assistant US Attorney*
*on behalf of:*

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts


JAMES E. ARNOLD
Assistant U.S. Attorney
District of Massachusetts

September 15, 2010
Page 5

        TONY WEST
        ASSISTANT ATTORNEY GENERAL
        CIVIL DIVISION
        U.S. DEPARTMENT OF JUSTICE

By: _____ for
        JEFFREY I. STEGER
        Trial Attorney
        Office of Consumer Litigation
        U.S. Department of Justice

September 15, 2010
Page 6

## ACKNOWLEDGMENT OF AGREEMENT

    The Board of Directors of Forest Laboratories, Inc., has authorized me to execute this Side Letter Agreement and the Civil Settlement Agreement on behalf of Forest Laboratories, Inc. The Board of Directors has been advised of the contents of this Side Letter Agreement, the Civil Settlement Agreement, the Plea Agreement with Forest Pharmaceuticals, Inc., the criminal Information charging Forest Pharmaceuticals, Inc., and the Corporate Integrity Agreement, and has discussed them fully with its counsel. I am further authorized to acknowledge on behalf of Forest Laboratories, Inc., that these documents fully set forth the agreements made between Forest Laboratories, Inc., and the United States, and that no additional promises or representations have been made to Forest Laboratories, Inc., by any officials of the United States in connection with the disposition of this matter, other than those set forth in those documents.

Dated: 9/15/2010

HERSCHEL S. WEINSTEIN
General Counsel
Forest Laboratories, Inc.

Dated: _____

Mary Jo White, Esq.
Christopher K. Tahbaz, Esq.
Andrew J. Ceresney, Esq.
Kristin D. Kiehn, Esq.
Debevoise & Plimpton LLP
Counsel for Defendant

September 15, 2010
Page 6

## ACKNOWLEDGMENT OF AGREEMENT

The Board of Directors of Forest Laboratories, Inc., has authorized me to execute this Side Letter Agreement and the Civil Settlement Agreement on behalf of Forest Laboratories, Inc. The Board of Directors has been advised of the contents of this Side Letter Agreement, the Civil Settlement Agreement, the Plea Agreement with Forest Pharmaceuticals, Inc., the criminal Information charging Forest Pharmaceuticals, Inc., and the Corporate Integrity Agreement, and has discussed them fully with its counsel. I am further authorized to acknowledge on behalf of Forest Laboratories, Inc., that these documents fully set forth the agreements made between Forest Laboratories, Inc., and the United States, and that no additional promises or representations have been made to Forest Laboratories, Inc., by any officials of the United States in connection with the disposition of this matter, other than those set forth in those documents.

Dated: _____

HERSCHEL S. WEINSTEIN
General Counsel
Forest Laboratories, Inc.

Dated: 9/15/10

Mary Jo White, Esq.
Christopher K. Tahbaz, Esq.
Andrew J. Ceresney, Esq.
Kristin D. Kiehn, Esq.
Debevoise & Plimpton LLP
Counsel for Defendant