UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )<br>)<br>FOREST PHARMACEUTICALS, INC., )<br>       Defendant.                         ) | 10-CR-10294-NG |

## ORDER OF FORFEITURE

**GERTNER, D.J.**

WHEREAS, on September 15, 2011, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Forest Pharmaceuticals, Inc. (the "Defendant") with Obstruction of an Agency Proceeding, in violation of 18 U.S.C. §1505 (Count One); Distribution of an Unapproved New Drug, in violation of 21 U.S.C. §§ 331(d), 333(a)(1) and 355(a) (Count Two) and Distribution of a Misbranded Drug: Inadequate Directions for Use, in violation of 21 U.S.C. §§ 331(a), 333(a)(1) and 352(f)(1);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts Two and Three of the Information, of any quantities of Levothroid which were introduced into interstate commerce in violation of law, and any quantities of Celexa which were misbranded when introduced into interstate commerce or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which were introduced into interstate commerce in violation of law;

WHEREAS, the Forfeiture Allegation of the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a)

cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c);

WHEREAS, on November 19, 2010, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that it signed on September 15, 2010;

WHEREAS, in Section 10 of the plea agreement, the Defendant admitted that the value of the quantities of Celexa which were misbranded and distributed in violation of 21 U.S.C. § 331, plus the value of the quantities of the unapproved new drug Levothroid which were distributed in violation of 21 U.S.C. § 331 totaled at least $14,000,000.00 in United States currency;

WHEREAS, the Defendant also acknowledged and agreed in the plea agreement that the quantities of Celexa which were misbranded and distributed in violation of 21 U.S.C. § 331 and the quantities of the unapproved new drug Levothroid which were distributed in violation of 21 U.S.C. § 331 cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, the Defendant agreed in the plea agreement that the United States is entitled to forfeit as "substitute assets" any other assets of the Defendant up to the value of the now missing directly forfeitable assets;

2

WHEREAS, the Defendant agreed, in its plea agreement, to the entry of an order of forfeiture in the amount of $14,000,000.00 in United States currency;

WHEREAS, the United States has filed an Assented to Motion for Order of Forfeiture, which would consist of a personal money judgment in the amount of $14,000,000.00 in United States currency;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. A personal forfeiture money judgment is entered against the Defendant in the amount of $14,000,000.000 in United States currency in favor of the United States pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. §§ 334 and 853(p).

2. Upon payment by the Defendant of the $14,000,000.00 in United States currency to the government, all right, title and interest of the Defendant in the $14,000,000.00 in United States currency is forfeited to the United States.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final to as to the Defendant at sentencing and shall be made part of the sentence and included in the judgment.

4. This Court shall retain jurisdiction to enforce this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

NANCY GERTNER
United States District Judge

Dated: 2/2/11